1   Robert A. Schroeder (State Bar. No. 73913)
    A. Eric Bjorgum (State Bar No. 198392)
2   SHELDON MAK ROSE & ANDERSON PC
    100 Corson Street, Third Floor
3   Pasadena, California  91103
    Telephone : (626) 796-4000
4   Fax Number: (626) 795-6321
    E-Mail:  robert.schroeder@usip.com
5
    Attorneys for Defendants/Counterclaimants
6   BRIESE LICHTTECHNIK GmbH and
    HANS-WERNER BRIESE, SAMY'S
7   CAMERA, INC., SAMY KAMIENOWICZ and
    MONSTER LIGHTING
8
    LAUSON & SCHEWE LLP
9   Robert J. Lauson (SBN 175,486)
    Email:  bob@lauson.com
10  Edward C. Schewe (SBN 143,554)
    Email:  ed@lauson.com
11  1600 Rosecrans Avenue, 4th Floor
    Manhattan Beach, CA  90266
12  Telephone:  (310) 321-7890

13  Attorneys for Plaintiff and Counterclaim
    Defendants
14  BRIESE USA, INC. AND BRENT LANGTON

15  LAW OFFICES OF RONALD E. FAULK
    Ronald E. Faulk (SBN) 68325
16  Email: ronefaulk@hotmail.com
    601 East Glenoaks Boulevard, Suite 202
17  Glendale, CA 91207-1750
    Fax: 818-637-2387
18

19  Attorneys for Defendants
    FLASHLIGHTS and ROBIN ROBAL
20

21                    UNITED STATES DISTRICT COURT

22                    CENTRAL DISTRICT OF CALIFORNIA

23

24  BRIESE USA, INC.,                  Case No.  CV 07-02735 GHK (CWx)

25  a California corporation,
                                       PROTECTIVE ORDER
26                Plaintiff,           CONCERNING CONFIDENTIAL
                                       INFORMATION
27        v.

28

BRIESE LICHTTECHNIK
VERTRIEBS GmbH, an entity existing
under the laws of Germany; HANS-
WERNER BRIESE, an individual; and
DOES 1-10,inclusive,

            Defendants.

                                  .

AND RELATED COUNTERCLAIMS.
                                  .

BRIESE USA, INC.,                   Case No. CV 07-03815 GHK (CWx)
a California corporation,

            Plaintiff,

        v.

SAMY'S CAMERA, INC., a California
Corporation; SAMY KAMIENOWICZ,
an individual, FLASHLIGHTS, a
business entity; ROBIN ROBAL, an
individual; SMASHBOX STUDIOS,
LLC, a California Limited Liability
Company; QUIXOTE STUDIOS, INC.,
a California Corporation; MIKEL
ELLIOT, an individual; MONSTER
LIGHTING, a business entity; and
DOES 1-10, inclusive,

            Defendants.

BRIESE USA, INC.,                   Case No. CV 07-07631 GHK (CWx)
            Plaintiff,
        v.
MILK STUDIOS, LLC, DRIVE-IN-24
LLC and DOES 1-10, inclusive,
            Defendants.

2

Briese Proposed ProtectiveOrder 031408 (3)

**[PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION**

1        The Court having previously ordered that the discovery proceed on an

2    interim basis in accordance with a Protective Order submitted by

3    Plainitiff/Counterdefendants, in *Briese USA, Inc. v. Briese Gmbh et al*., Case No.

4    CV 07-02735 (GHK (CWx), *Briese USA, Inc. v. Samy's Camera, Inc. et al*., Case

5    No. CV 07-3815 GHK (CWx), and *Briese USA, Inc. v. Milk Studios*, Case No. CV

6    07-07631 GHK (CWx) ("the Actions"); the Court having subsequently considered a

7    motion by Defendant/Counterclaimants to enter a different order, having considered

8    the papers filed in support and in opposition to the motion and having held a

9    hearing on the motion on February 4, 2008, it is ORDERED THAT:

10        1.    This Order supercedes any and all other Protective Orders in three case

11    sand shall hence forth govern all proceedings therein, including the treatment and

12    disclosure of documents and information previously provided by the parties.

13        2.    The parties may designate any document, thing, material, testimony or

14    other information derived therefrom as "Confidential" or "Confidential - Attorney's

15    Eyes Only" as appropriate, under the terms of this Protective Order (hereafter

16    "Order"). Information designated "Confidential" is information which concerns

17    confidential research, development or commercial information which is not

18    publicly known. "Confidential - Attorney's Eyes Only" information is sensitive

19    research, development, financial or commercial information which has not been

20    made public and the disclosure of which could cause injury to the business of the

21    producing or designating party.

22        3.    By designating a document, thing, material, testimony or other

23    information derived therefrom as "Confidential" or "Confidential - Attorney's Eyes

24    Only" under the terms of this Order, the party making the designation is certifying

25    to the Court that there is a good faith basis in law and in fact for the designation

26    within the meaning of Fed.R.Civ.P. Rule 26(g).

27        4.    Confidential documents shall be so designated by stamping copies of

28    the document produced to a party with the legend "CONFIDENTIAL" or

3

**[PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION**

1  "CONFIDENTIAL - ATTORNEY'S EYES ONLY". Stamping the legend

2  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S ONLY" on the cover

3  of any multipage document shall designate all pages of the document as

4  confidential, unless otherwise indicated by the producing party.

5          5.      Testimony taken at a deposition may be designated as "Confidential"

6  or "Confidential - Attorney's Eyes Only" by making a statement to the effect on the

7  record at the time of the deposition designating the testimony to be so designated.

8  Arrangements shall be made with the court reporter taking and transcribing such

9  deposition to separately bind such portions of the transcript containing information

10  designated as confidential, and to label such portions appropriately.

11          6.      Information designated as "Confidential" or "Confidential - Attorney's

12  Eyes Only" under this Order, the information contained therein, and any

13  summaries, copies, abstracts, or other documents derived in whole or in part from

14  material designated as confidential shall be used only for the purpose of the

15  prosecution, defense, or settlement of the Actions, and for no other purpose.

16          7.      Information designated "Confidential" pursuant to this Order may be

17  disclosed or made available only to the Court, to counsel of record for a party

18  (including paralegal, clerical, and secretarial staff employed by such counsel), and

19  to the "qualified persons" designated below:

20                  (a)      a party, or an officer, director, or employee of a party deemed

21  necessary by counsel to aid in the prosecution, defense, or settlement of the

22  Actions;

23                  (b)      independent experts or consultants (together with their clerical

24  staff) retained by such counsel to assist in the prosecution, defense, or settlement of

25  the Actions;

26                  (c)      court reporter(s) employed in the Actions;

27                  (d)      a witness at any deposition or other proceeding in the Actions

28  who is identified in the material to be disclosed as an author or recipient or who

4

Briese Proposed ProtectiveOrder 031408 (3)                    **[PROPOSED] PROTECTIVE ORDER CONCERNING
                                                              CONFIDENTIAL INFORMATION**

1   already possesses a copy of the material to be disclosed;

2           (e)     Designated Outside Litigation Counsel as that term is defined

3   below in Section 9; and

4           (f)     any other person as to whom the parties agree in writing.

5   Counsel of record for the parties is limited to (1) Lauson & Schewe LLP, (2)

6   Sheldon Mak Rose & Anderson, and (3) Law Offices of Ronald E. Faulk and any

7   successor firms chosen by their clients.

8       8.    Information designated "Confidential - Attorney's Eyes Only"

9   pursuant to this Order may be disclosed or made available only to the Court, to

10  counsel of record for a party (including paralegal, clerical, and secretarial staff

11  employed by such counsel), and to the "qualified persons" listed in subparagraphs

12  7(b) through 7(f) above but shall not be disclosed to a party, or to an officer,

13  director or employee of a party, unless otherwise agreed or ordered.

14      9.    Each Defendant/Counterclaimant may designate one law firm, which

15  may be a foreign law firm, to have access to "Confidential" and "Confidential-

16  Attorneys' Eyes Only" information.  Plaintiff Briese USA, Inc. and Mr. Langton

17  may also have one (1) Designated Outside Litigation Counsel.   Defendant Briese

18  GmbH is limited to two (2) Designated Outside Litigation Counsel, and the other

19  Defendants are limited to one (1) Designated Outside Litigation Counsel.  All

20  parties' Designated Outside Litigation Counsel are permitted to disclose designated

21  information to a reasonable number of support staff. Only those attorneys and

22  support staff within such designated firms who have been identified in writing to all

23  opposing parties and who have complied with Section 10 below shall have access

24  to information designated "Confidential" or "Confidential-Attorneys' Eyes Only."

25  Such attorneys and support staff who have complied with Section 10 below shall be

26  collectively referred to herein as Designated Outside Litigation Counsel.  Any party

27  may change its designation of a law firm or its choice of Designated Outside

28  Litigation Counsel upon giving written notice to all other parties.

10.     Prior to receiving any information designated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Order, each "qualified person" (including Designated Outside Litigation Counsel) shall be provided with a copy of this Order and shall execute an Acknowledgment and Nondisclosure Agreement in the form of Attachment A. A copy of the executed Acknowledgment shall be retained by counsel for the disclosing party and provided forthwith to counsel for each other party upon request of any party.

11.     Only qualified persons (including Designated Outside Litigation Counsel) may attend depositions at which information designated as "Confidential" or "Confidential - Attorney's Eyes Only" is used or discussed.

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in the Actions, whether or not such material is also obtained through discovery in the Actions, or from disclosing its own "Confidential" or "Confidential - Attorney's Eyes Only" information as it deems appropriate.

13.     If information designated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Order is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) files the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the District Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is "Confidential" or "Confidential - Attorney's Eyes Only" or whether its use should be restricted or (ii) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular

1   document or information, including restrictions differing from those as specified

2   herein. This Order shall not be deemed to prejudice the parties in any way in any

3   future application for modification of this Order.

4        15.    This Order is entered solely for the purpose of facilitating the

5   exchange of documents and information between the parties in the Actions without

6   involving the Court unnecessarily in the process. Nothing in this Order nor the

7   production of any information or document under the terms of this Order nor any

8   proceedings pursuant to this Order shall be deemed to have the effect of an

9   admission or waiver by any of the parties or of altering the confidentiality or

10   nonconfidentiality of any such document or information or altering any existing

11   obligation of any party or the absence thereof.

12        16.    Counsel shall use their best efforts to identify materials or information

13   protected by the attorney-client privilege, the work product doctrine, and/or any

14   other privilege, before its disclosure.  The inadvertent production of any document

15   or thing by a party shall be without prejudice to any claim by the producing party

16   that such material is protected by the attorney-client privilege, or protected from

17   discovery as work product.  Provided that diligent efforts are made to ensure that

18   documents are carefully reviewed for privilege and that privileged documents are

19   not produced in discovery, and that efforts to retrieve inadvertently produced

20   documents are commenced within a reasonable period of time after the discovery of

21   their production, no producing party shall be held to have waived any rights

22   thereunder merely by inadvertent production. If within a reasonable time after the

23   inadvertent production the producing party discovers that such materials have been

24   disclosed and a producing party asserts that such materials are protected by the

25   attorney-client privilege, work product doctrine, or any other claim of privilege, and

26   were inadvertently produced, the party receiving such inadvertent production shall

27   take immediate steps to ensure that all known copies of such materials are returned

28   promptly and retrieved from persons not entitled hereunder to view or possess such

7

1  materials. Any party thereafter may contest such claims of privilege or work

2  product as if the materials had not been produced, but shall not assert that a waiver

3  occurred as a result of the inadvertent production if the producing party has

4  complied with the provisions of this paragraph.

5      17.  This Order shall survive the final termination of the Actions including

6  appeals, to the extent that the information contained in Confidential Material is not

7  or does not become known to the public. The Court shall retain jurisdiction to

8  resolve any dispute concerning the use of information disclosed hereunder. Upon

9  termination of the litigation including any appeals, counsel for the parties shall

10  assemble and return to each other all documents, material, and deposition

11  transcripts designated as confidential and copies of same, or shall certify the

12  destruction thereof, within sixty (60) days.

13    SO STIPULATED:

14

15  Dated:  March ___, 2008       SHELDON MAK ROSE & ANDERSON PC

16

17                 By: _____

18                      Robert A. Schroeder
                    Eric A. Bjorgum
               Attorneys for Defendants and

19                 Counterclaimants
               BRIESE LICHTTECHNIK VERTRIEBS

20                 GmbH and HANS-WERNER BRIESE,
               SAMY'S CAMERA, SAMY

21                 KAMIENOWICZ and MONSTER
               LIGHTING

22  Dated:  March    , 2008      LAUSON & SCHEWE LLP

23

24

25                 By: _____
                    Edward C. Schewe

26                      Robert J. Lauson
               Attorneys for Plaintiff/Counterclaim

27                 Defendants
               BRIESE USA, INC. AND BRENT

28                 LANGTON

Briese Proposed ProtectiveOrder 031408 (3)       **[PROPOSED] PROTECTIVE ORDER CONCERNING
                                 CONFIDENTIAL INFORMATION**

1    Dated:   March        , 2008          RONALD E. FAULK LAW OFFICES

2

3
                                          By: _____
4                                              Ronald E. Faulk
                                          Attorneys for Defendants
5                                         FLASHLIGHTS and ROBIN ROBAL

6

7
             IT IS SO ORDERED.
8

9    Dated:_March 28, 2008_____          By:___            _/S/_____
                                              United States Magistrate Judge
10                                            CARLA M. WOEHRLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Briese Proposed ProtectiveOrder 031408 (3)            **[PROPOSED] PROTECTIVE ORDER CONCERNING**
                                                      **CONFIDENTIAL INFORMATION**

**ATTACHMENT A**

**ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT**

I, _____, declare and state:

1.      I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in the actions *Briese USA, Inc. v. Briese Gmbh et al.*, Case No. CV 07-02735 GHK (CWx), *Briese USA, Inc. v. Samy's Camera, Inc. et al.*, Case No. CV 07-3815 GHK (CWx), and *Briese USA, Inc. v. Milk Studios*, Case No. CV 07-07631 GHK (CWx), and have received a copy thereof.

2.      I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

3.      I hereby consent to the jurisdiction of this Court for purposes of enforcing this Acknowledgment and Nondisclosure Agreement

Executed this _____ day of _____ at _____, _____.


_____
Signature


_____
Printed Name


_____
Street Address


_____
City, State, Zip

_____

10